UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jerry Kenyatta Carter, *Petitioner*, v. United States of America, *Defendant*. | Civil No. 3:08-cv-1640(JBA) Criminal No. 3:07-cr-1(JBA) March 30, 2012 |

RULING ON PETITIONER'S MOTION UNDER SECTION 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Petitioner Jerry Kenyatta Carter, proceeding *pro se*, petitions for a writ of habeas corpus and moves to set aside his sentence [Doc. # 1] under 28 U.S.C. § 2255. In support of his petition, Mr. Carter argues that he was denied effective assistance of counsel guaranteed under the Sixth Amendment. Mr. Carter asserts (1) that his counsel failed to appeal Mr. Carter's conviction after Mr. Carter requested such an appeal, (2) that Mr. Carter's right to a speedy trial was violated, and (3) Mr. Carter's sentence of 154 months is unreasonable and unlawful under the advisory guidelines. For the reasons discussed below, no evidentiary hearing is necessary, and Mr. Carter's petition will be denied.

I.    Factual Background

As Petitioner allocuted at his guilty plea hearing, on October 23, 2005, Mr. Carter robbed Gem Jewelry, a jewelry store engaged in the retail sale of jewelry, with a semi–automatic handgun. On April 9, 2007, Mr. Carter pled guilty to two counts of an eleven–count indictment (3:07cr001 Indictment [Doc. # 1]), pursuant to a fourteen–page plea agreement dated that same day (3:07cr001 Plea Agreement [Doc. # 17]). Those counts, Counts Eight and Nine of the indictment, charged him with interference with interstate commerce by threats of violence in violation of Title 18 U.S.C. § 1951 and using and carrying

a firearm in connection with a crime of violence in violation of Title 18 U.S.C. § 924(c)(1). (Plea Agreement at 1.)

Pursuant to the Plea Agreement and Fed. R. Crim. Proc. 11(c)(1)(B), the United States and Carter agreed to jointly recommend to the Court a sentence of 154 months of imprisonment, the bottom of the parties' calculated applicable Guideline range of 154 to 171 months. The Plea Agreement also stated that "the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 . . . the conviction or sentence of imprisonment if that sentence does not exceed 171 months of imprisonment . . . . The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights." (*Id.* at 7.)

When the initial Pre–Sentence Report suggested that a higher Guideline range might be applicable, Mr. Carter complained to the Court about his counsel's representation. On July 6, 2007, Mr. Carter moved for appointment of substitute counsel, stating that he had sent a letter to the Court dated June 7, 2007 requesting that the Court permit him to withdraw his plea and that new counsel be appointed. (Mot. to Appoint Substitute Counsel [Doc. # 24] ¶ 4.) The Government responded that Mr. Carter's motion "does not adequately establish that Mr. Carter is entitled to new counsel," and that "current counsel has provided effective assistance of counsel to date and is quite capable of continuing to provide effective representation through sentencing," though it recognized that the Court had discretion to appoint new counsel. (Gov't Resp. [Doc. # 25] at 1.) On July 11, the Court granted Mr. Carter's motion to substitute his attorney, allowing Attorney Resetarits to withdraw and appointing Attorney Koch, Jr. as Mr. Carter's substitute counsel. ([Doc. # 27].)

In the Government's August 8, 2007 Sentencing Memorandum, the Government recommended that the Court impose a sentence of 154 months' imprisonment consistent with the plea agreement, so as to give Mr. Carter the benefit contemplated in the plea agreement—a sentence within the stipulated range. (Sentencing Mem. [Doc. # 29] at 2); *see also United States v. Fernandez*, 877 F.2d 1138, 1145 (2d Cir. 1998). On August 15, 2007, Mr. Carter filed a Pro Se motion to withdraw his plea of guilty [Doc. # 35], complaining that his first counsel, Attorney Resetarits, was ineffective, and asserting that he had been "tricked into signing a trial waiver" and "tricked into taking a plea that was subject to change." (Mot. to Withdraw Plea [Doc. # 35–2] at 1.) On October 26, 2007, the Court ruled that the guilty plea should stand if Mr. Carter's sentence fell within the contemplated plea agreement range of 154–171 months, and otherwise, Mr. Carter would be given an opportunity to withdraw his guilty plea. The Court sentenced Mr. Carter to 70 months on Count Eight of the Indictment and 84 months on Count Nine, to run consecutively for a total of 154 months. (Judgment as to Jerry Kenyatta Carter [Doc. # 39].) On October 27, 2008, Mr. Carter filed this petition under 28 U.S.C. § 2255.

II.     Discussion

To obtain collateral relief under 28 U.S.C. § 2255, a Petitioner must show that his sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. Habeas corpus relief is an extraordinary remedy and should only be granted where it is necessary to redress errors that, were they left intact, would "inherently result in a complete miscarriage of justice." *Hill v. United States*, 368 U.S. 424, 428 (1962). As a general rule, "relief is available under § 2255 only for constitutional error, a lack of jurisdiction in the sentencing court, or an error of law that constitutes a fundamental defect

3

which inherently results in a complete miscarriage of justice." *Napoli v. United States*, 32 F.3d 31, 35 (2d Cir. 1994).

The Government makes two arguments in opposition to Petitioner's § 2255 petition: that Mr. Carter's collateral attack on his conviction and sentence is precluded by the plea agreement that he entered into, and that even if Mr. Carter were allowed to bring this § 2255 motion, Mr. Carter's arguments are without merit.

    A.    Knowing and Voluntarily Waiver of the Right to Collaterally Attack or Appeal the Conviction and Sentence

"Where the record clearly demonstrates that the defendant's waiver of [his] right to appeal a sentence within an agreed Guidelines range was knowing and voluntary, that waiver is enforceable." *United States v. Monzon*, 359 F.3d 110, 116 (2d Cir. 2004). When a defendant brings an appeal or collateral attack despite having signed a waiver, the Court must undertake a two–step inquiry. First, the Court must determine whether the plea was knowing and voluntary. Second, the Court must determine whether, by its terms, the plea agreement specifically bars the appeal or collateral attack of the conviction or sentence. *See United States v. Ready*, 82 F.3d 551, 556 (2d Cir.1996).

Under the first prong, "a waiver of the right to appeal should only be enforced . . . if the record clearly demonstrates that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of his waiver) and voluntary." *Id.* at 557 (internal quotation and citation omitted). Here, the Defendant's plea agreement expressly included a waiver of Mr. Carter's right to appeal or collaterally attack his sentence:

> It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed

4

> by the Court if that sentence does not exceed 171 months of imprisonment, a fine of $150,000, full restitution as determined by the Court, and a five–year term of supervised release, even if the Court imposes such a sentence based on an analysis different from that specified above.

(Plea Agreement [Doc. # 17] at 7.) In addition to signing this plea agreement, Mr. Carter represented personally that he understood the terms of his plea agreement during his plea allocution: the Court asked, "[A]re you prepared then to sign the plea agreement, certifying that you've read it, you understand it, you've had enough time to talk to your lawyer about it and you accept its terms?" and Mr. Carter responded, "Yes, ma'am." Mr. Carter also acknowledged that he understood that he had "specifically agreed that you won't appeal and you won't collaterally attack in a 2255 or a 2254 proceeding your conviction or sentence if that sentence is not more than 171 months," and filed a written, signed petition to enter a plea of guilty, in which he acknowledged that he was knowingly and voluntarily entering a plea of guilty. (*See* Petition to Enter a Plea of Guilty [Doc. # 18].) In his Petition, he described what occurred, writing, "On October 23, 2005, I robbed Gem Jewelry and brandished a gun during the robbery" (*id.* at 9), and he acknowledged that "I offer my plea of 'GUILTY' freely and voluntarily and of my own accord. I also declare that my attorney has explained to me, and I understand, the statements set forth in the indictment and in this petition" (*id.* at 10).

At no point during the allocution did Carter indicate that he did not understand the provision waiving his right to appeal or collaterally attack his sentence, and the plea agreement clearly stated that defendant agreed not to appeal or collaterally attack his sentence if "that sentence does not exceed 171 months of imprisonment." (Plea Agreement at 7.) Thus, the Court concludes that Mr. Carter's waiver of his right to appeal or collaterally attack his conviction and sentence as a term of his plea agreement was knowing and

voluntary, and that the plea agreement expressly included such a waiver. Accordingly, Mr. Carter's § 2255 motion attacking his sentence and conviction must be dismissed, unless he can demonstrate ineffective assistance of counsel which claims a constitutional infirmity in the plea process and is not barred by his waiver. *See United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) ("Even if the plain language of the plea agreement barred this appeal, we would not enforce such a waiver of appellate rights in this case because the defendant is challenging the constitutionality of the process by which he waived those rights. We have suggested that a plea agreement containing a waiver of the right to appeal is not enforceable where the defendant claims that the plea agreement was entered into without effective assistance of counsel.")

B.    Ineffective Assistance of Counsel Argument

Mr. Carter argues that he was provided with ineffective assistance of counsel on two separate occasions, when represented by two different attorneys. First, Petitioner asserts that his first counsel (Attorney Resetarits) was ineffective because he did not move to dismiss the charges under the Speedy Trial Act. (Pet'r. Mot. at 5.) Next, Mr. Carter asserts that his second counsel (Attorney Koch) was ineffective because he failed to file an appeal on the basis of the Speedy Trial Act challenge. (*Id.*) For the reasons that follow, the Court finds that both challenges lack merit as a matter of law.

A claim of ineffective assistance of counsel is assessed under the two–pronged standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). The first prong considers whether counsel's performance was objectively unreasonable "under prevailing professional norms." *Id.* at 688. To satisfy this element, an error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment." *Id.* at 687. Second, the petitioner must affirmatively prove prejudice by showing that counsel's errors were so serious that they "deprive[d] the defendant of a fair trial" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, . . . a probability sufficient to undermine confidence in the outcome." *Id.* at 687, 694.

### 1. *Attorney Resetarits*

In his first ineffective assistance of counsel argument, Petitioner claims that his speedy trial rights "have been violated." (Pet'r Mot. at 5.) Under the Speedy Trial Act, a defendant may seek dismissal of the indictment if, among other circumstances, the trial does not commence within 70 days "from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Because a defendant's rights under the Speedy Trial Act are affirmatively waived if the defendant enters a guilty plea, the Court interprets Mr. Carter's argument to be that Attorney Resetarits was deficient in not moving to dismiss the indictment on this basis prior to entry of his guilty plea. The Government responds that Mr. Carter's plea was not taken in violation of the Speedy Trial Act, because Mr. Carter had filed a waiver of his speedy trial rights (*see* Waiver of Speedy Trial [Doc. # 13]) in connection with his counsel's motion to "to enlarge the dates to file defense motions" in order to "finalize the appropriate motions and finalize the plea agreement with the Government" (Def.'s Mot. to Enlarge Scheduling Order [Doc. # 14]). Such periods of delay are excluded from the calculations for the purposes

of the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h).[1] The Court granted Mr. Carter's request for a continuance (*see* Order of February 6, 2007 [Doc. # 12]), finding that the "reason for resulting delay and exclusion of the period from March 7, 2007 to June 13, 2007 for Speedy Trial Act purposes serves the ends of justice, which ends outweigh the interests of the defendant and the public in a speedy trial." Moreover, the period between when Mr. Carter was arraigned (January 12, 2007) [Doc. # 4] and the beginning of the excluded period (March 7, 2007), were within the Speedy Trial Act Period, and he pled guilty on April 9, 2007, well before the period granted by the Court for a continuance had ended. Therefore, Attorney Resetarits could not have filed a meritorious motion to dismiss the charges under the Speedy Trial Act, and his representation was not constitutionally deficient.

### 2. *Attorney Koch*

Mr. Carter next claims that his second attorney, Attorney Koch, should have filed an appeal, "Mr. Koch failed to pursue an appeal of Mr. Carter's case as requested to do so." (Pet'r Mot. at 5.) In his Reply, Mr. Carter specifies that Mr. Koch's appeal should have addressed his challenges under the Speedy Trial Act, and the ineffective assistance of his first counsel, Attorney Resetarits. (Reply [Doc. # 10] at 5–6 ("Carter directed his second counsel

---

[1] 18 U.S.C. § 3161(h) provides, in relevant part:

The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence . . . (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel . . . , if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

to file a 'Notice of Appeal' attacking both his conviction & sentence. For violations of the Speedy Trial Act of 1974, Ineffective Assistance of Counsel.").)

Pursuant to the terms of Mr. Carter's plea agreement, Mr. Carter waived his rights to appeal or collaterally attack his sentence, and, as discussed above, Mr. Resetarits had not been constitutionally deficient in failing to move to dismiss the indictment on the basis of a Speedy Trial violation. Regardless, Attorney Koch's "role as advocate requires that he support his client's appeal to the best of his ability." *Anders v. California*, 386 U.S. 743, 744 (1967). In *United States v. Gomez–Perez,* 215 F.3d 315 (2d Cir. 2000), the Second Circuit addressed a defense counsel's obligations to his or her client under *Anders* when a defendant has executed a waiver of the right to appeal, but has "nonetheless filed a notice of appeal," circumstances not directly on point with the matter at issue here, yet informative:

> [I]f defense counsel concludes there is no basis to contest the validity of the waiver then [he] is responsible for submitting a brief similar to that required by *Anders* that addresses only the limited issues of (1) whether defendant's plea and waiver of appellate rights were knowing, voluntary, and competent; or (2) whether it would be against the defendant's interest to contest his plea; and (3) any issues implicating a defendant's constitutional or statutory rights that either cannot be waived, or cannot be considered waived by the defendant in light of the particular circumstances.

215 F.3d 315, 319 (internal citations omitted). In such cases, the Second Circuit held that if defense counsel "is satisfied that there are no non–frivolous issues for appeal, [he] should file an *Anders* brief confined to these issues alone, and an accompanying motion seeking to be relieved as counsel," and counsel "must also advise the defendant–appellant . . . and the defendant–appellant must be given an opportunity to respond." *Id.*

Here, given the validity of the knowing and voluntary waiver of Petitioner's rights to appeal his conviction, and given that Mr. Carter's ineffective assistance of counsel

9

argument as to Attorney Resetarits lacks merit, as discussed above, though Attorney Koch should have filed an appeal under the procedures outlined in *Gomez–Perez*, Mr. Carter suffered no prejudice from this deficient performance. Thus, even if *Strickland's* inadequate performance prong has been met, Mr. Carter has not shown "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," under the second *Strickland* prong, and accordingly, this argument must fail.

    C.    Evidentiary Hearing

In his Reply Memorandum, Mr. Carter also requests an evidentiary hearing on his § 2255 petition. (*See* Reply [Doc. # 10] at 6.) An evidentiary hearing is not required, however, where the record plainly demonstrates that the moving party is not entitled to relief and the court concludes that the petitioner's claims are truly without merit. *See United States v. Aiello*, 900 F.2d 528, 534 (2d Cir. 1990) ("Where a petition omits meritorious allegations that can be established by competent evidence, it would go too far to say that it was error for the district court to have failed to conduct a full evidentiary hearing.") (internal citations omitted). Because it plainly appears from the Court's examination of the record that Mr. Carter's petition lacks any meritorious claim, no evidentiary hearing is necessary under these circumstances.

III.    Conclusion

For the reasons discussed above, Mr. Carter's Petition [Doc. # 1] to Vacate, Set Aside, or Correct his Sentence is DENIED without a hearing.


IT IS SO ORDERED.


/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of March, 2012.